FILED

**NOT FOR PUBLICATION**

JAN 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLESEA URSU, | No. 13-72796 |
| Petitioner, | Agency No. A088-481-938 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Olesea Ursu, a native and citizen of Moldova, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the discrepancies and Ursu's changing account as to whether she used outside sources to prepare her written asylum application declaration, or completed it solely in her own words.  *See id.* at 1048.  Ursu's explanations do not compel the opposite result.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  In the absence of credible testimony, Ursu's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Ursu's CAT claim also fails because it is based on the same statements found not credible, and she points to no other evidence that compels the finding it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Moldova.  *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

13-72796